# EXHIBIT "A"

**KOMORI**

**KOMORI AMERICA CORPORATION**
5520 MEADOWBROOK IND. CT.
ROLLING MEADOWS, IL 60008-3898 U.S.A.
PHONE: (847) 806-9000

**Purchase Order**

| PURCHASE ORDER NO. | REVISION | PAGE |
|---|---|---|
| 58314 | 0 | 1 |

THIS PURCHASE ORDER NO. MUST APPEAR ON ALL INVOICES, PACKING LISTS, CARTONS AND CORRESPONDENCE RELATED TO THIS ORDER.

**SHIP TO:** SEE SHIP-TO BELOW
United States

**VENDOR:** ABSOLUTE GRAPHIC TECHNOLOGIES USA
235 JASON COURT
CORONA, CA 92879
United States

**BILL TO:** KOMORI AMERICA CORPORATION
ATTN: ACCOUNTS PAYABLE
5520 MEADOWBROOK INDUSTRIAL
ROLLING MEADOWS, IL 60008
United States

| CUSTOMER ACCOUNT NO | VENDOR NO | DATE OF ORDER / BUYER | REVISED DATE / BUYER |
|---|---|---|---|
| | 2580 | 09-JUL-21 K Slonski | |
| PAYMENT TERMS | | SHIP VIA | F.O.B. |
| 30 NET | | | DEL & INSTALLED |
| FREIGHT TERMS | | REQUESTOR / DELIVER TO | CONFIRM TO / TELEPHONE |
| | | | (909) 597-1133 |

| ITEM | PART NUMBER / DESCRIPTION | DELIVERY DATE | QUANTITY | UNIT | UNIT PRICE | EXTENSION | TAX |
|---|---|---|---|---|---|---|---|

ADDITIONAL TERMS AND NOTES:
INCLUDED HEREIN ARE KAC STANDARD TERMS & CONDITIONS OF PURCHASE:
1 FOR KOMORI GL640C-A SN 3006

2 SELLER EXPRESSLY WARRANTS THAT THIS PRODUCT, AND ITS INSTALLATION
ARRANGEMENT, COMPLIES WITH ALL APPLICABLE SAFETY CODES & STANDARDS INCLUDING
ANSI B65-1 and B65-2 WHERE APPROPRIATE. ANY CERTIFICATION REQUIRED BY LOCAL
INSPECTORS SHALL BE THE RESPONSIBILITY OF THE VENDOR. FOR ANY INSTALLATION
WORK AT THE JOB SITE, VENDOR SHOULD HAVE IN PLACE, FOR ITS PERSONNEL, AN
APPROPRIATELY WRITTEN HEALTH AND SAFETY PROGRAM. ALL "MSDS" SHEETS MUST BE
SENT WITH BOTH INVOICE AND SHIPMENT.

3 VENDOR AGREES TO SUPPLY ABOVE BUYER A COPY OF THEIR INSURANCE CERTIFICATE
NAMING KOMORI AMERICA AS AN ADDITIONAL INSURED, IN REGARDS PRODUCT
LIABILITY.

4 US COMMERCIAL "UCC" SHALL APPLY. THIS ORDER & ALL TERMS AND CONDITIONS
CONTAINED HEREIN CAN ONLY BE CHANGED BY REVISION OF THIS ORDER SIGNED BY THE
ABOVE NAME BUYER.

5 PLEASE SHIP TO:
MAINLINE PRINTING, INC.
3500 SW TOPEKA BOULEVARD
TOPEKA, KS 66611
ATTN: NEW KOMORI PRESS INSTALL

6 PLEASE RECONFIRM DELIVERY DATE PRIOR TO SHIPPING WITH DAN OSTERMEYER
(DOSTERMEYER@KOMORI.US)

Continued **Total**

*Cathy Slonski* (signature)
AUTHORIZED SIGNATURE

THIS PURCHASE ORDER IS SUBJECT TO THE TERMS AND CONDITIONS APPEARING ON THE
REVERSE SIDE AND WHICH ARE AN ESSENTIAL AND INTEGRAL PART OF THIS PURCHASE ORDER.

7109Q EVERGREEN DATA SYSTEMS INC

# KOMORI

**KOMORI AMERICA CORPORATION**
5520 MEADOWBROOK IND. CT.
ROLLING MEADOWS, IL 60008-3898 U.S.A.
PHONE: (847) 806-9000

## Purchase Order

| PURCHASE ORDER NO. | REVISION | PAGE |
|---|---|---|
| 58314 | 0 | 2 |

THIS PURCHASE ORDER NO. MUST APPEAR ON ALL INVOICES, PACKING LISTS, CARTONS AND CORRESPONDENCE RELATED TO THIS ORDER.

**SHIP TO:** SEE SHIP-TO BELOW
United States

**VENDOR:** ABSOLUTE GRAPHIC TECHNOLOGIES USA
235 JASON COURT
CORONA, CA 92879
United States

**BILL TO:** KOMORI AMERICA CORPORATION
ATTN: ACCOUNTS PAYABLE
5520 MEADOWBROOK INDUSTRIAL
ROLLING MEADOWS, IL 60008
United States

| CUSTOMER ACCOUNT NO. | VENDOR NO. | DATE OF ORDER / BUYER | REVISED DATE / BUYER |
|---|---|---|---|
| | 2580 | 09-JUL-21 K Slonski | |

| PAYMENT TERMS | SHIP VIA | F.O.B. |
|---|---|---|
| 30 NET | | DEL & INSTALLED |

| FREIGHT TERMS | REQUESTOR / DELIVER TO | CONFIRM TO / TELEPHONE |
|---|---|---|
| | | (909) 597-1133 |

| ITEM | PART NUMBER / DESCRIPTION | DELIVERY DATE | QUANTITY | UNIT | UNIT PRICE | EXTENSION | TAX |
|---|---|---|---|---|---|---|---|
| | All prices and amounts on this order are expressed in : US Dollar | | | | | | |
| 1 | AGT-290 C IF RC<br><br>AGT COMBINATION SINGLE ZONE TEMPERATURE CONTROL SYSTEM WITH CIRCULATOR AND EVERCLEAR FILTRATION (8T). MODEL: AGT-290 C IF RC) | NEEDED:<br>21-SEP-21 | 1.00 | Each | 47742.48 | 47,742.48 | N |

**Total** 47,742.48

E

*[Authorized Signature: Kathy Slonski]*

THIS PURCHASE ORDER IS SUBJECT TO THE TERMS AND CONDITIONS APPEARING ON THE REVERSE SIDE AND WHICH ARE AN ESSENTIAL AND INTEGRAL PART OF THIS PURCHASE ORDER.

7109Q EVERGREEN DATA SYSTEMS INC

# KOMORI AMERICA CORPORATION – STANDARD TERMS AND CONDITIONS OF PURCHASE

1. **Acceptance.** This Purchase Order applies to all sales of goods and/or services to Komori America Corporation ("Buyer") from Seller. This Purchase Order expressly limits acceptance to the terms and conditions stated herein and any additional terms and conditions incorporated herein by reference or annexed hereto. In the event of any conflict between any terms and conditions contained herein and any terms and conditions contained in Seller's sales invoice, acknowledgement, shipping documents, or other documents, the terms and conditions herein shall prevail. Additional or different terms and conditions proposed by Seller are hereby objected to and hereby rejected by Buyer unless expressly agreed upon in writing by Buyer. Acceptance of the Purchase Order by Seller shall occur either by the earlier of Seller's written acceptance or by Seller's commencement of performance or first shipment. If, after thirty (30) days, Seller has not accepted Buyer's Purchase Order, then such Purchase Order shall be deemed cancelled and Buyer shall bear no liability relative thereto.

2. **Invoices.** Seller shall submit invoice(s) for each requested payment and each such invoice shall contain the following information: Buyer's Purchase Order number, item number, description of item or service, quantities, unit prices, extended totals, and Seller's packing slip number. Seller shall furnish Buyer, upon Buyer's request, bills of lading and proof of delivery. Payment of invoice shall not constitute acceptance of goods or services by Buyer, and shall be subject to adjustment for errors, shortages, defects, or other failure of Seller to meet the requirements of this Purchase Order and/or Purchase Order obligations of Seller. Buyer may at any time exercise rights of offset against any amount owed to Seller or any of Seller's affiliates. All payments made shall be credited by Seller against the invoice referenced to on payment.

3. **Overshipments.** Buyer will pay only for quantities ordered. Overshipments will be held at Seller's risk and expense for a reasonable time awaiting shipping instructions. Return shipping charges for overshipped quantities will be at Seller's expense.

4. **Packing.** Unless otherwise specified, all goods shall be packed, packaged, marked and otherwise prepared for shipment in a manner which is (i) commercially reasonable; (ii) acceptable to common carriers for shipment at lowest applicable rates and in accordance with ICC or any other applicable laws or regulations, and (iii) adequate to insure safe arrival of the goods at the named destination. Seller shall mark all containers with necessary lifting, handling, and shipping information, and with Purchase Order numbers, date of shipment, and the names of the consignee and consignor. An itemized packing sheet shall accompany each shipment. No partial or incomplete delivery shall be made hereunder prior to the date or dates shown unless Buyer has given prior written consent.

5. **Documents.** Upon request, Seller agrees to provide Buyer (or Buyer's Consignee) any necessary or appropriate import/customs documents reasonably necessary to enable Buyer to evidence any of its rights respecting the goods or their import.

6. **Shipping.** Unless otherwise agreed in writing by Buyer and Seller, ordered goods shall be delivered DDP (Incoterms 2000) to the delivery address designated by Buyer. Deliveries to the delivery address must be made in the quantities and at the times specified in this Purchase Order. Risk of loss or damage to the goods shall not pass to Buyer until delivery of goods to the destination specified by Buyer and acceptance by Buyer. Notwithstanding any prior inspections, and irrespective of the delivery point named herein, Seller shall bear all risk of loss, damage or destruction to the Goods called for hereunder until final acceptance by Buyer, and Seller shall also bear the same risks with respect to any Goods rejected by Buyer.

7. **Warranty.** Seller warrants that all goods and/or services sold, delivered or performed hereunder shall be free from defects in workmanship, materials, manufacture and otherwise, shall comply with the requirements of this Purchase Order, including any drawings or specifications referenced or incorporated in this Purchase Order, or samples furnished by Buyer or Seller and, unless the drawings or specification are based upon Buyer's specified design, shall be Seller's responsibility and be free from defects in design. Seller warrants that all goods and/or services are in accordance with all applicable federal and state codes and standards, including, but without limitation, situations involving modification to Buyer's equipment or property. Seller further warrants that all goods and/or services sold or provided hereunder shall be of merchantable quality and shall be fit and suitable for ordinary commercial purposes as well as for any special or unusual purpose intended by Buyer which are known to Seller. Seller further warrants that Seller has a valid commercial title to all goods provided hereunder, and all goods and services shall be free from any mechanics', liens, security interests or other encumbrances. Buyer's approval of Seller's materials or designs shall not relieve Seller of the warranties set forth in this Section, nor shall waiver by Buyer of any drawing or specification requirement for one or more of the items constitute a waiver of such requirements for the remaining items to be delivered hereunder unless expressly stated by Buyer in writing. The provisions of this Section shall not limit or affect the rights of Buyer under any other Section of this Purchase Order. Unless specified on the face of this Purchase Order, in no event shall Seller's warranty have a duration or terms less favorable than those extended by Buyer to the customer that purchases such goods and/or services or any product into which the goods or services are incorporated, irrespective of any published warranty of Seller or any warranty imprinted on product packaging or otherwise communicated to Buyer. Buyer will advise Seller from time to time, if and as requested by Seller, of the warranty duration and terms that Buyer is extending to its intended customer(s) for the goods covered by this Purchase Order.

The foregoing warranties are cumulative and are in addition to all other warranties at law or in equity or under this Purchase Order. Seller hereby agrees to defend, indemnify and hold Buyer harmless of and from any and all costs, claims, claims, liabilities, damages, attorneys' fees and causes of action whatsoever arising out of or in connection with any breach by Seller of any of the foregoing warranties. All Seller's warranties herein or by reason of law or equity shall extend to the Buyer and to Buyer's direct and indirect customers, and to Buyer's successors and assigns.

All goods and/or services which are the subject of this Purchase Order shall be free from liability of Buyer for royalties, infringement of U.S. or foreign patent rights or copyrights, other third party claims of intellectual property rights, mechanic's liens or other liens or encumbrances. Seller agrees to defend, indemnify and hold Buyer harmless against all claims, costs, damages, and causes of action (including the payment of settlements, judgments and attorney's fees) arising out of or in connection with any actual or alleged infringements of patent, copyright and other intellectual property rights in the use, sale, re-sale or lease of said goods or services, and any other breach of the foregoing warranties. Buyer's inability to use, or enjoy the use or benefits of the goods and/or services which are the subject of this Purchase Order without claims by one or more third parties with respect to the infringement of such intellectual property rights shall be deemed to constitute a material breach of this Purchase Order by Seller and Seller shall indemnify Buyer for all losses or damages sustained by Buyer by reason thereof.

8. **Inspection.**
(a) Buyer is not obligated to inspect or test any goods and/or services, but all goods and/or services purchased hereunder shall be subject to inspection and test by Buyer prior to full acceptance. If inspection or test is made by Buyer at Seller's premises, Seller, without additional charge, shall provide all reasonable facilities and assistance for the safety and convenience of Buyer's inspectors. No inspection or test made prior to final inspection and acceptance shall relieve Seller from responsibility for defects or other failure to meet the requirements of this Purchase Order. If any good or service is defective in material or workmanship, or otherwise not in conformity with the requirements of this Purchase Order, Buyer shall have the right to reject it, require its correction or replacement, accept it with an adjustment in price, or return it to Seller for full credit.

(b) Any good or service which has been rejected or required to be corrected shall be replaced or corrected by and at the expense of Seller promptly after notice. If, after Buyer's request, Seller fails to promptly replace or correct any defective good or service within the delivery schedule, Buyer may, in addition to any other remedies to which Buyer may be entitled, (i) replace or correct such good or service and charge to Seller the cost occasioned thereby, (ii) without further notice, terminate this Purchase Order for default in accordance with the Section hereof titled "Termination for Default" or (iii) require an appropriate reduction in price.

9. **Changes/Emergency Purchase Orders.** Buyer may at any time, by written communication, suspend performance hereunder, increase or decrease the ordered quantities, and/or make changes within the general scope of this Purchase Order in any one or more of the following: (i) applicable drawings, designs, or specifications; (ii) method or time of shipment or packing, and/or (iii) place of delivery. If any such change causes an increase or decrease in the cost of or the time required for performance, an equitable adjustment shall be made in the Purchase Order price or delivery schedule, or both, and the Purchase Order shall be modified in writing accordingly. No claim by Seller for any adjustment hereunder shall be valid unless asserted within twenty (20) days from date of receipt by Seller of the notification of change, provided that such period may be extended upon the written approval of Buyer. Nothing in this Section shall excuse Seller from proceeding with the Purchase Order as changed or amended. Buyer may from time to time place emergency Purchase Orders in addition to regular Purchase Orders placed under this Purchase Order, or may request that Seller deliver goods sooner than the time originally specified by Buyer. Seller agrees to exert its best efforts to comply with such emergency Purchase Orders or revised timetable.

10. **Termination for Default.**
(a) It is understood and agreed that time is of the essence under this Purchase Order. Buyer may, at its sole discretion and upon written notice, terminate this Purchase Order in whole or part if Seller fails (i) to make delivery of the goods or perform the services within the specified time, or (ii) to replace timely or correct defective goods or service in accordance with this Purchase Order, or (iii) to perform any of the other provisions of this Purchase Order or so fails to make progress as to endanger performance in accordance with its terms.

(b) In the event of termination pursuant to this Section 10, Buyer may procure, upon such terms and in such manner as Buyer may deem appropriate, goods and/or services similar or substantially similar to those terminated, and Seller shall be liable to Buyer for any excess costs incurred by Buyer. Seller shall continue the performance of this Purchase Order to the extent not terminated.

(c) If this Purchase Order is terminated pursuant to subsection 10(a), in addition to any other rights provided herein or by law or equity, Buyer may require Seller to transfer title and deliver to Buyer, in the manner and the extent directed by Buyer: (i) any completed goods and services; and (ii) such partially completed goods and/or services (materials, parts, tools, dies, jigs, fixtures, plans, drawings, information, and contract rights), as Seller has produced or acquired for the performance of this Purchase Order; and Seller shall, upon direction of Buyer, protect and preserve property, as listed in this subsection, in the possession of Seller. Payment for completed goods and/or services delivered to and accepted by Buyer shall be in an amount agreed upon by the Seller and Buyer (not to exceed the contract price). However, Seller's obligation hereunder to carry out Buyer's directions as to delivery, protection, and preservation shall not be contingent upon prior agreement as to such Price.

11. **Termination Without Cause.**
(a) Buyer shall also have the right to terminate this Purchase Order, in whole or in part, at any time, without cause, upon written notice to Seller. Upon any such termination, Seller shall, to the extent and at the times specified by Buyer, stop all work on this Purchase Order, place no further Purchase Orders hereunder, terminate work under Purchase Orders outstanding hereunder, and protect all property in which Buyer has or may acquire an interest. Seller shall proceed promptly to comply with Buyer's directions respecting each of the foregoing without awaiting settlement or payment of any termination claim.

(b) Seller shall submit to Buyer within twenty (20) days from such termination notice, Seller's written claim for termination charges in the form and with the certifications prescribed by Buyer, it being understood and agreed that only Seller's actual costs incurred and no profit shall be allowed for quantities terminated pursuant to this Section. Failure to submit a claim within such time shall constitute a waiver of all of Seller's claims and a release of all Buyer's liability to Seller with respect to such goods or services and otherwise arising out of such termination.

(c) Buyer reserves the right to verify claims hereunder, and Seller shall make available to Buyer, upon its request, all relevant books and records for inspection and audit. If Seller fails to afford Buyer its rights hereunder, Seller shall be deemed to have relinquished its claim.

(d) This Section 11 shall be applicable only to a termination for Buyer's convenience without any default on Seller's part, and shall not affect or impair any right of Buyer to terminate this Purchase Order upon Seller's breach or default in the performance hereof.

(e) IN NO EVENT, UNDER THIS OR ANY OTHER SECTION OF THIS PURCHASE ORDER, OR IN CONNECTION WITH ANY TRANSACTION HEREUNDER BETWEEN, OR INVOLVING BUYER AND SELLER, OR THE GOODS OR SERVICES COVERED BY THIS PURCHASE ORDER, SHALL BUYER OR ANY OF ITS PARENT OR AFFILIATED COMPANIES BE LIABLE TO SELLER (OR TO ANYONE ASSERTING A CLAIM ON OR THROUGH SELLER'S BEHALF) FOR INCIDENTAL, CONSEQUENTIAL, OR SPECIAL DAMAGES OF ANY NATURE, INCLUDING, WITHOUT LIMITATION, LOST PROFITS, REVENUES, AND/OR TERMINATION CHARGES PAID BY SELLER TO ITS SUPPLIERS. IN NO EVENT SHALL BUYER OR ANY OF ITS PARENT OR AFFILIATED COMPANIES BE LIABLE FOR PUNITIVE OR EXEMPLARY DAMAGES WITH RESPECT TO THIS PURCHASE ORDER OR THE GOODS OR SERVICES IN CONNECTION HEREWITH.

12. **Indemnification; Recall; Insurance.** Seller shall defend, indemnify and hold Buyer (and Buyer's parent and affiliated corporations) harmless from and against any and all causes of action, claims, settlements, liabilities, losses, damages, costs or expenses (including attorneys' fees and litigation expenses) arising out of: (a) any actual or alleged infringement or wrongful use of any patent, copyright, trademark, trade secrets, proprietary information or any other intellectual property right covering any goods and/or services provided hereunder; (b) any death or injury to any person or damage to any property alleged to have resulted from any goods and/or services supplied or work performed by Seller; (c) failure of Seller or the goods or services to comply with applicable laws or safety regulations; (d) failure of Seller to conform to all warranties or other requirements of this Purchase Order; or (e) any design, manufacturing or other defect relating to any of the goods and/or services Buyer may, at its election, be represented by its own counsel in any such suit or proceeding. Seller shall indemnify and hold Buyer harmless hereunder, to the extent attributable to Seller, for all costs incurred by Buyer (including costs for notification, replacement parts, labor, penalties, fines and buybacks) as a result of any recall, service campaign or similar program initiated by Buyer or Buyer's customer, or any governmental agency, with respect to the goods or services of Seller or the products of Buyer or its customer(s) into which the goods or services are incorporated. Seller's indemnification of Buyer under this Purchase Order shall be at least equal to the indemnification required by Buyer's customer(s). Seller shall procure commercial liability insurance and other coverages, in such amounts and terms, as may be required by Buyer or its customers. Such insurance shall name Buyer as an additional insured. In the event Seller does not procure and maintain insurance coverage as required by Buyer or its customers, Buyer may procure such coverage at Seller's cost.

13. **Waiver.** Buyer's failure to enforce at any time any of the provisions of this Purchase Order, to elect any option provided herein, shall in no way be construed to be a waiver of such provisions or the right of Buyer thereafter to enforce each and every such provision.

14. **Insolvency/Change in Ownership.** Buyer may immediately cancel this Purchase Order, in whole or in part, with no liability to Buyer in the event of the insolvency of Seller, the filing of a voluntary or involuntary petition in bankruptcy concerning Seller, appointment of a receiver or trustee for Seller, the making of an assignment for the benefit of Seller's creditors, a change in ownership or control of Seller, or the occurrence of a similar event.

15. **Subcontracting.** No subcontracting shall be made by Seller with any other party for furnishing any of the completed or substantially completed articles, spare parts, services or work herein contracted for without Buyer's prior written approval.

16. **Buyer's Protection in Connection with Site Work.** Seller shall take such steps as may be reasonably necessary and/or appropriate to prevent personal injury or property damage during any work hereunder that may be performed by any employees, agents, or subcontractors of Seller at Buyer's designated site. While on such designated site, Seller and its employees, agents and contractors shall comply with all security and safety rules and regulations consistent with commercial standards and, further, as imposed by Buyer and/or the site owner (or the site lessee), including, without limitation, the provisions of site owner's (or the site lessee's) safety guidelines and any applicable obligations of confidentiality and nondisclosure. Seller shall indemnify defend, and hold Buyer, site owner (the site lessee), and their respective employees, agents and contractors harmless from and against loss, liability and damages arising from or caused directly or indirectly by any act or omission of Seller, its agents, employees, or subcontractors. Seller shall maintain such insurance against public liability and property damage and such employer's liability and workers' compensation insurance as will protect Seller and Buyer, site owner and/or site lessee against the aforementioned risks and against any claims under any workers' compensation and/or occupational disease acts.

17. **Compliance with Laws.** Seller warrants that no law, rule, or ordinance of the United States, any state, or any other governmental agency will be violated in the manufacture, sale, or use of goods and/or in the performance of the services covered in this Purchase Order. Seller will comply with all applicable laws and will indemnify, defend and hold Buyer harmless from loss, cost, or damage as a result of any such actual or alleged violation or non-compliance of this Section. Seller shall provide Buyer with Material Safety Data Sheets for any materials shipped pursuant to this Purchase Order, and shall comply with all applicable laws affecting any such shipment.

18. **Equal Opportunity.** The parties shall abide by the requirements of 41 CFR §§ 60-1.4(a), 60-300.5(a), and 60-741.5(a). These regulations prohibit discrimination against qualified individuals based on their status as protected veterans or individuals with disabilities and prohibit discrimination against all individuals based on their race, color, religion, sex, sexual orientation, gender identity or national origin. moreover, these regulations require covered prime contractors and subcontractors take affirmative action to employ and advance in employment individuals without regard to race, color, religion, sex, sexual orientation, gender identity, national origin, protected veteran status or disability.

19. **Non-Disclosure of Confidential Information.** Goods or services purchase hereunder with Buyer's specifications, data or drawings shall not be quoted for sale to others without Buyer's express prior written authorization, which Buyer may grant or deny for any, or no, reason. Any specifications, drawings, samples, information, materials, or other data furnished by Buyer or which reflect or disclose the same shall be deemed and treated by Seller as confidential information of Buyer ("Confidential Information") and shall be returned to Buyer upon demand. Confidential Information shall remain Buyer's property and shall not be used by Seller except for the limited purpose of providing goods and/or service to Buyer hereunder. Seller may not disclose Confidential Information to any third parties except to Seller's employees who require access to perform Seller's obligations hereunder. Seller shall employ its best efforts to protect the secrecy of the Confidential Information.

20. **Non-Assignment.** No right or obligation under this Purchase Order (including the right to receive moneys due hereunder) shall be assigned by Seller without the prior written consent of Buyer, and any purported assignment without such consent shall be void. Buyer may assign this Purchase Order at any time if such assignment is considered necessary to Buyer in connection with a sale of Buyer's assets or a transfer of its obligations.

21. **Applicable Law and Venue.** This Purchase Order, and the obligations and performance of the parties hereto, shall be governed by the internal substantive laws of the State of Illinois without regard to conflict of laws principles. The parties agree to opt out of the United Nations Convention on Contracts for the International Sale of Goods, which shall have no application to the transactions performed under this Purchase Order. The parties further agree that any claim or action brought by either party regarding this Purchase Order or relating to any goods or services provided hereunder shall be filed and pursued only in the state or federal courts located in Cook County, Illinois. Seller hereby irrevocably consents to the jurisdiction of such courts and any objection to such venue and personal jurisdiction. Seller agrees that any claim Seller files against Buyer claims must be filed within thirty (30) days after Seller first has knowledge relating to its claim, or such claims shall be forever barred. Seller waives its right to a trial by jury.

22. **Severability; Attorneys' Fees.** If any provision of this Purchase Order is determined to be unenforceable, the other provisions of the Purchase Order shall remain in full force and effect. If either Buyer or Seller institutes any action or proceeding to enforce or interpret any provision of this Purchase Order, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs of suit (in addition to any other relief granted).